By the Court.
 

 The issues here presented involve a comparison and construction of the provisions of Article II, Section 35 of the Constitution of Ohio as they now. stand and as they read before the amendment effective January 1, 1924.
 

 In its earlier and briefer form this section consisted of the following language, the italicized part of which was eliminated by the amendment:
 

 “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state determining the terms and conditions upon which payment shall be made therefrom,
 
 and taking away any or all rights of action or defenses from employes and employers; but no right of action shall be taken away from any employe when the injury, disease or death arises from failure of the employer to com
 
 
 *72
 

 ply with any lawful requirement for the protection of the lives, health and safety of employes.
 
 Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimants thereto.”
 

 The present language is as follows, with the new wording indicated by italics:
 

 “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom.
 
 Such compensation shall be in lien of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease.
 
 Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimants thereto.
 
 Such board shall set aside as a separate fund such proportion of the contributions paid by employers as in its judgment may bd necessary, not to exceed' one per centum thereof in any year, and so as to equalise, insofar as possible, the burden thereof, to be expended by such board in such manner as may be provided by la/w for the investigation and prevention of industriad Occidents and dig-
 
 
 *73
 

 eases. Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in libé manner as other awards; and, if such compensation is paid from the state fimd, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution.”
 

 Counsel also discuss Section 1465-76, General Code, and certain decisions of this court under the earlier provisions of Article II, Section 35. But manifestly these cannot be considered important at this time. This is especially true of Section 1465-76, General Code, inasmuch as it was by implication repealed by the constitutional amendment of January 1, 1924, and was expressly repealed by the Legislature by an act effective July 9, 1931 (114 Ohio Laws, 26, 39). Then, too, it is obvious that no statutory question can be involved whenever there is a controlling provision in the Constitution.
 

 The plaintiff’s contention is that she sustained an actionable “injury” through failure of her employer
 
 *74
 
 to comply with the requirements of Sections 12993 and 12996, G-eneral Code.
 

 Whether this alleged injury is compensable from the state fund is a question not before this court at this time. The single question decisive of this case is whether the present provisions of Article II, Section 35, permit this sort of action against an employer who is a contributor to the state fund.
 

 Especially when contrasted with the earlier provisions, the following broad language of the amendment should leave no doubt as to its meaning:
 

 “Such compensation shall be in lieu of
 
 all
 
 other rights to compensation, or damages, for such death,
 
 injuries,
 
 or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall
 
 not
 
 be liable to
 
 respond in damages
 
 at
 
 common law or by statute
 
 for such death,
 
 injuries
 
 or occupational disease.”
 

 Of equal force and unambiguity is the following language of the Legislature (110 Ohio Laws, 632) in its resolution providing for the designation of the proposed amendment on the official ballot:
 

 “Providing compensation for all accidents and diseases arising out of employment, providing additional compensation for employes where accident or disease results from failure to comply with specific requirements for the protection of lives, health and safety of employes,
 
 abolishing open liability of employers,
 
 and providing a fund for the investigation and prevention of industrial accidents and diseases”.
 

 Then too, it is at least persuasive to observe the expression of the joint committee that assumed the burden of preparing the amendment. Fortunately this group was composed of representatives of both employers and employees who desired to clarify the law and put an end to the costly and futile strife that existed under the old order of things. The language of their statement was as follows:
 

 
 *75
 
 “What the Amendment Does for the Worker
 

 “1. It protects and preserves the integrity of the Compensation Law.
 

 “2. It assures every worker compensation for injuries or death arising out of and in course of employment, backed by state law and state administration without necessity for recourse to law suits or employment of attorneys or payment of court costs.
 

 “3. It gives the worker an additional award without suits at law where the injury was the fault of the employer due to his failure to comply with specific requirements for the health and safety of the workers.
 

 “4. It provides a fund to be expended by the Industrial Commission for the study and application of methods to prevent industrial and vocational accidents which will result in saving many lives and prevent the loss of limbs and faculties. ’ ’
 

 “What the Amendment Does for the Employer
 

 “1. It protects and preserves the integrity of the Compensation Law.
 

 “2. It wipes out the ‘open liability’ — giving recourse only to the compensation law for injuries or death arising out of and in course of employment.
 

 “3. It fixes a limit of financial liability in such cases and protects the assets and credit of the employer.
 

 “4. It defines ‘lawful requirement’ so as to bring it within the rule of reason, and gives the employer notice of his specific obligations under it.
 

 “5. It provides a fund for laboratory analysis of accidents and the provision of means for prevention, which should result in saving of life and limb and a substantial reduction in total awards and premiums.
 

 “6. It abolishes the ‘ambulance-chaser’ in connection with these claims. ’ ’
 

 From all of the foregoing it is readily apparent that the present amendment provides a new and comprehensive definition of the rights and liabilities of employers and employees. Under it certain new rights
 
 *76
 
 were created and some former ones were abolished. The amendment has become an integral part of the organic law of this state, and consequently neither the Legislature nor this court can narrow or broaden its terms.
 

 Consistent with the f oregoing views the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Wilkin, JJ., concur.