CELL v. YALE & TOWNE MANFG. CO.

1. PLEADING—MOTION TO DISMISS—ALLEGATIONS IN DECLARATION.
   Allegations of declaration are accepted as true on motion to dismiss.

2. WORKMEN'S COMPENSATION — NEGLIGENCE — OCCUPATIONAL DISEASES.
   Injuries received, or diseases contracted, in employment by reason of neglect of the employer to provide reasonable protective measures are not occupational.

3. SAME—ACTION AT LAW—BURNS—NEGLIGENCE—FUMES, GAS AND DUST.

Action at law against an employer operating under the workmen's compensation act may not be maintained by employee to recover for burns suffered because of defendant's failure to provide appliances with which to carry off fumes, gas and dust in its chrome and nickel plating department.

4. SAME—OCCUPATIONAL DISEASES.

An occupational disease is one which is due wholly to causes and conditions which are normal and constantly present and characteristic of the particular occupation; that is, those things which science and industry have not yet learned how to eliminate.

5. SAME—DESIGN OF STATUTE.

The workmen's compensation act was designed as a substitute for previous rights of action of employees against employers and to cover the whole ground of the liabilities of the master.

6. SAME—ACCIDENTAL INJURY—DEFINITION.

'An injury is accidental, within meaning of the workmen's compensation act, which occurs in the course of the employment unexpectedly and without an affirmative act or design of the employee.

Appeal from Wayne; Hartrick (George B.), J., presiding. Submitted June 18, 1937. (Docket No. 39, Calendar No. 39,523.) Decided October 4, 1937.

Case by David S. Cell against Yale & Towne Manufacturing Company, a corporation, for personal injuries sustained through failure to provide a safe place to work. On motion of defendant, an order was entered dismissing cause. Plaintiff appeals. Affirmed.

*Dann & Atlas,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

Wiest, J.   This is an action at law by an employee to recover damages for injuries sustained by reason of the failure of the employer to provide a reasonably safe place in which to work.   Plaintiff claims that, by failure of defendant to provide appliances to carry off fumes, gas and dust, he suffered burns of his face, eyes, arm, body and lungs, and became disabled.   Defendant operates under the provisions of the workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*), and moved to dismiss plaintiff's suit on the ground that the law action, asserted by plaintiff, could not be maintained against one so operating.

Plaintiff contends that he has not met with an accident, neither is he suffering from an occupational disease but that he has been injured by the negligence of defendant, and inasmuch as the compensation act affords no remedy, except for accidental injuries, and none for occupational diseases it has not abrogated the common law remedy here invoked.

The circuit judge granted the motion to dismiss, holding that the declaration alleged a combination of occupational disease and negligence of defendant and the suit could not be maintained.

Upon review plaintiff admits there is no remedy at law for an occupational disease, strictly as such, but claims that for injuries sustained, without accident, but by reason of the failure of the employer to protect him as an employee, he may maintain this suit.

We must accept the allegations in the declaration as true, and we quote as follows therefrom:

"That he (plaintiff) was an employee of the defendant for upwards of many months prior to March 18, 1935, and was employed as a chrome and nickel plater with defendant company.

"That for some time prior to March 18, 1935, plaintiff had performed his allotted tasks with no ill effects due to the regular and proper handling of the stripping troughs in defendant's chrome and nickel plating department in which plaintiff was employed.

"That commencing with the 18th day of March, 1935, in obedience of his instructions, plaintiff was compelled to load the stripping rack with as many as four strips at a time, which the defendant well knew could not be handled and that the same was dangerous and harmful to life and limb, and of which the said defendant knew the said plaintiff to be ignorant of.

"That notwithstanding the said knowledge on the part of defendant, the said defendant concealed the aforesaid dangers from plaintiff herein and in violation of its duty to notify plaintiff of the dangers of the fumes which would be given off under the aforesaid circumstances did carelessly and negligently and with wanton and wilful disregard of plaintiff's health and safety conceal the same and did further fail to furnish and provide the said plaintiff with a reasonably safe place to work in, and further failed to provide the said plaintiff with safe measures or means of protecting himself against the aforesaid dangers, which the defendant had knowledge and notice of and of which plaintiff knew nothing about.

"That the negligence of the defendant consisted of overloading the said troughs with too many strips and in failing to equip the troughs at which plaintiff was working with proper flues to carry off the fumes arising from the mixture of chemicals used in chrome and nickel plating and in its failure to keep said equipment in good operating condition."

The declaration negatives a disease, incident to the work performed by plaintiff, in stating that injurious results could have been avoided had the de-

fendant provided reasonable means of protection. Injuries received, or diseases contracted in employment by reason of neglect of the employer to provide reasonable protective measures are not occupational.

The relation of master and servant existed. The declaration avers a duty upon the master to provide a vent for the fumes and culpable neglect to do so.

Plaintiff averred an action governed by the law of master and servant. Such an action cannot be maintained against an employer operating under the workmen's compensation act. See *Curley* v. *Beryllium Corporation*, 278 Mich. 23.

In *Seattle Can Co.* v. *Department of Labor & Industries*, 147 Wash. 303, 309 (265 Pac. 739), the court stated:

"As we understand it, an occupational disease is one which is due wholly to causes and conditions which are normal and constantly present and characteristic of the particular occupation; that is, those things which science and industry have not yet learned how to eliminate. Every worker in every plant of the same industry is alike constantly exposed to the danger of contracting a particular occupational disease. No such condition is shown here. No poisoning took place in this particular plant until the employer ignorantly or negligently shut off the ventilation. None has occurred in like plants situated elsewhere. And when the trouble was located and corrected, no more poisoning took place in this plant. Hence we are forced to hold that the injuries have resulted from a fortuitous event."

In *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board*, 284 Ill. 378, 382 (120 N. E. 249), an employee had performed a particular service for 15 years, and finally suffered from arsenical poisoning. The court stated:

"The word 'accident' is not a technical legal term with a clearly defined meaning, and no legal definition has ever been given which has been found both exact and comprehensive as applied to all circumstances. * * * Anything that happens without design is commonly called an accident, and at least in the popular acceptation of the word any event which is unforeseen and not expected by the person to whom it happens is included in the term. Different meanings are given to the word where it is made the ground for equity jurisdiction and where it occurs in accident insurance, and as applied to injuries to a servant without negligence of the master and for which he has not been held liable. The meaning of the word as used in the workmen's compensation act is necessarily influenced by the various provisions of the act and the purpose of its enactment, and cannot be determined, alone, from any definition found in a dictionary. The act was designed as a substitute for previous rights of action of employees against employers and to cover the whole ground of the liabilities of the master, and it has been so regarded by all courts. * * * While it is not intended, and perhaps not possible, to give a definition of the words used in the act as applied to all possible circumstances, it may safely be said that an injury is accidental, within the meaning of the act, which occurs in the course of the employment unexpectedly, and without an affirmative act or design of the employee."

Affirmed, with costs to defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred with WIEST, J.

POTTER, J. (*concurring*). The question here is whether defendant is liable to plaintiff for an occupational disease contracted through defendant's negligence.

Occupational diseases as such are not covered by the workmen's compensation act. The right of plaintiff to recover must be based on defendant's negligence. Plaintiff must negative assumed risk, negligence of fellow servants and contributory negligence as the proximate cause of his injury.

An employee assumes obvious dangers. He has a right to assume the master furnishes a safe place to work and does not ordinarily assume the risk of defendant's negligent failure to do so. If plaintiff suffered an accident, defendant's liability was fixed by the workmen's compensation act. If plaintiff contracted an occupational disease, liability may have attached. The common-law liability of an employer for an occupational disease induced by his negligence is not abolished by statute and still exists.

It appears from plaintiff's declaration plaintiff knew of the increased hazard of his employment, warned the defendant thereof, protested with defendant about working conditions, but continued in the employment.

The rule is that an employee assumes the risks of employment that are known to him. Plaintiff's declaration emphasizes that plaintiff knew of the dangerous conditions existing, protested on several occasions, and informed defendant the ventilation was insufficient—but continued to work. Under the circumstances, he must be held to have assumed the risks of his employment.