PISKORNIK *v.* HUDSON MOTOR CAR CO.

1. Appeal and Error—Dismissal of Action.

On appeal from order dismissing action on defendant's motion to dismiss, facts alleged in plaintiff's amended declaration must be taken as true.

2. Workmen's Compensation—Lead Poisoning—No Action at Law Where Parties Are Subject to Act.

Workman may not maintain action against employer for lead poisoning acquired during employment, because of failure of employer to warn him, where both were subject to the workmen's compensation act during entire period of employment, the case being controlled by *Cell* v. *Yale & Towne Manfg. Co.*, 281 Mich. 564, and *Thomas* v. *Parker Rust Proof Co.*, 284 Mich. 260.

Appeal from Wayne; Keidan (Harry B.), J. Submitted April 12, 1938. (Docket No. 79, Calendar No. 39,921.) Decided June 7, 1938.

Case by Mike Piskornik against Hudson Motor Car Company, a corporation, for personal injuries sustained through failure to provide a safe place to work. Case dismissed. Plaintiff appeals. Affirmed.

*Dohany & Dohany* (*George A. Porter,* of counsel), for plaintiff.

*Beaumont, Smith & Harris* (*Albert E. Meder,* of counsel), for defendant.

Chandler, J. For the purposes of this appeal the following facts as alleged in plaintiff's amended declaration must be taken as established:

Plaintiff entered defendant's employ on December 15, 1931, and continued in its employ until August 17, 1936; that on January 2, 1934, he was placed at work consisting of brushing, grinding, buffing, braising, and smoothing off automobile parts made of lead, solder and tin, and containing 75 per cent. lead, and continued at that work until August 17, 1936; that the nature of his work was such that the air became heavily charged with a leaden dust which was extremely poisonous and which was easily inhalable through respiration and absorbable through the pores of the skin; that plaintiff's work required him to be in constant contact with said poisonous lead dust and particles; plaintiff had no knowledge that said lead dust and particles were poisonous, or were absorbable or inhalable, or that his health was likely to be impaired therefrom; that defendant well knew of the dangers but refrained from warning plaintiff of the same; that during the interval from January 2, 1934, until August 17, 1936, plaintiff gradually acquired lead poisoning throughout his entire system.

Plaintiff claims and alleges in his amended declaration that it was the duty of defendant: (a) to warn him of the dangers connected with the work and labor which he was required to do and perform; (b) to point out and explain to him the particular dangers liable to result from the inhalation and absorption of the lead dust and particles; (c) to point out and explain to plaintiff the nature and probable effect and result of the inhalation and absorption of the lead dust; (d) to notify plaintiff of the poisonous character of the lead dust and particles to which plaintiff was exposed; (e) to warn plaintiff that said dust was poisonous when inhaled and when absorbed through the pores of the skin.

During the entire period of employment both plaintiff and defendant were under the terms and provisions of the workmen's compensation act of this State (2 Comp. Laws 1929, § 8407 *et seq.* [Stat. Ann. § 17.141 *et seq.*]).

Defendant filed a motion to dismiss the action which motion was brought on to be heard before Honorable Harry B. Keidan, circuit judge. After having heard arguments on the motion, the circuit judge entered an order dismissing the cause, stating in said order as follows:

"And being of the opinion that the claims set forth in the amended declaration are of the same nature as those in *Cell* v. *Yale & Towne Manfg. Co.,* 281 Mich. 564, and that any recovery of the plaintiff against the defendant must be under the workmen's compensation act, and that this court has no jurisdiction.

"It is hereby ordered that the above entitled cause may be and it is hereby dismissed."

Since the decision in *Cell* v. *Yale & Towne Manfg. Co.,* 281 Mich. 564, this court has filed an opinion in *Thomas* v. *Parker Rust Proof Co.,* 284 Mich. 260, following the rule established in the *Cell Case.* The facts in the two cited cases and the instant case are indistinguishable. The questions of law involved are identical. We therefore determine that the opinions in these cases are controlling and decisive of the questions here presented.

Judgment affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.