Workmen's compensation was originally adopted by statute in Ohio in 1911 (102 Ohio Laws, 524), and the first constitutional provision relating thereto was ratified by the electorate in 1912; however, prior to the enactment of Section 1465-68a, General Code (109 Ohio Laws, 183), effective August 5, 1921, occupational diseases were not compensable in Ohio. By the terms of that section a schedule was adopted in which were enumerated those occupational diseases that were made compensable; but silicosis was not included therein until the amendment of 1937 (117 Ohio Laws, 268). The instant cases involve allegations *Page 195 
of fact covering a period during which silicosis was not included in the schedule and therefore not compensable.
The Smith case will be first considered.
The question raised by the general demurrer to the first amended petition is whether an employee may maintain an action for damages for his employer's negligence which proximately caused silicosis (pneumoconiosis).
It is necessary to discuss whether such a right of action exists at common law, to determine the effect thereon of statutes and rules of the Industrial Commission providing safeguards and preventative measures against occupational diseases and to inquire whether the employee's right of action, if existent, has been taken away by statutory and constitutional provisions relating to workmen's compensation.
It is fundamental that the principles of the common law govern an action for negligence; but an act of negligence may now be one that could not have been committed in the early days of our jurisprudence. A suit to recover damages growing out of the careless operation of an automobile, a recent invention, affords a good illustration of the new application of old principles. There is an analogy in the changing relation of employer and employee with respect to the danger of contracting disease in certain occupations, some of which are of recent origin.
In the early period of industrial development there was little medical knowledge regarding the origin of diseases peculiar to the various employments; safeguards and protective measures had not been discovered, and appliances for the prevention of such diseases had not been invented. Consequently, the risks and dangers so far as they were known at all were equally within the knowledge of both the employer and employee and no duty devolved upon the employer with respect thereto. On the other hand *Page 196 
there was never a time when such an action could not be maintained provided all the elements were present which gave the employee a right of action for negligence according to the principles of the common law. If the employer was guilty or negligence in failing to maintain safe working conditions, and such negligence was the proximate cause of an occupational disease, the tort thus committed could always have been made the basis of an action for damages; damage is damage whether it arises from disease or injury.
In the case of Gentry v. Swann Chemical Co., 234 Ala. 313,174 So. 530, the court say: "There is some confusion in the decided cases in the different jurisdictions as to what constitutes 'an occupational disease' as to which the common law imposes no liability on the master, but the weight of authority and the best-considered cases, sustain the view that this rule of the common law is restricted to disease resulting from the ordinary and generally known risk incident to the particular employment and long-continued work therein as to which, at common law, the master owed the servant no duty. It does not apply to a disease resulting from the tort of the master, such as the negligence to furnish the servant a safe place within which to work."
In Hurle's Case, 217 Mass. 223, 224, 104 N.E. 336, L.R.A. 1916A, 279, the court state the rule simply: "At common law the incurring of a disease or harm to health is such a personal wrong as to warrant a recovery if the other elements of liability for tort are present."
At the present time the nature of occupational diseases and the precautions necessary for their prevention are fairly well understood; so in many instances the employer may be guilty of negligence in failing to provide against unsatisfactory conditions of work under such circumstances that his negligence is actionable. *Page 197 
This question has frequently arisen in states where there is a workmen's compensation law but all or part of the occupational diseases have not been made compensable. In such jurisdictions it has almost universally been held that the employee has a right of action at common law for negligence of the employer proximately causing a non-compensable occupational disease. Jones, Admx., v. Rinehart Dennis Co., 113 W. Va. 414; Covington v. Berkeley Granite Corp., 182 Ga. 235,184 S.E. 871; Berkeley Granite Corp. v. Covington, 183 Ga. 801,190 S.E. 8; Gentry v. Swann Chemical Corp., supra;Kane v. Federal Match Corp., 5 F. Supp., 507; Boal v. ElectricStorage Battery Co., 98 F.2d 815; Barrencotto v. Cocker SawCo., Inc., 266 N.Y. 139, 194 N.E. 61; Downing v.Oxweld Acetylene Co., 112 N.J.L. 25, 169 A. 709; Smith,Admx., v. International High Speed Steel Co., 98 N.J.L. 574,120 A. 188; Pellerin v. Washington Veneer Co., 163 Wn. 555,2 P.2d 658; Echord v. Rush, 124 Kan. 521, 261 P. 820;Rosenfield v. Matthews, 201. Minn., 113, 275 N.W. 698;Donnelly v. Minneapolis Mfg. Co., 161 Minn. 240,201 N.W. 305; Jellico Coal Co. v. Adkins, 197 Ky. 684, 247 S.W. 972;Hatcher v. Globe Union Mfg. Co., 170 Wn. 494,16 P.2d 824; Dixon v. Gaso Pump Burner Mfg. Co.. 183 Okla. 249,80 P.2d 678; Billo v. Allegheny Steel Co., 328 Pa. 97,195 A. 110. In fact, an exhaustive search has revealed only one jurisdiction outside of Ohio in which it was held that the right of action does not exist. Cell v. Yale Towne Mfg.Co., 281 Mich. 564, 275 N.W. 250; Thomas v. Parker Rust ProofCo., 284 Mich. 260, 279 N.W. 504. While the view expressed in the two cases last cited is approved and held to be controlling in Piskornik v. Hudson Motor Car Co., 285 Mich. 100,280 N.W. 125, there is a vigorous dissenting opinion in the Thomas case,supra.
Having found that according to the overwhelming weight of authority the right of action existed at common law, *Page 198 
must next consider whether the first amended petition states a cause of action.
The plaintiff alleges therein that the defendant, Richard A. Lau, doing business as Marion Brass Bronze Foundry, is guilty of negligence in failing to provide a safe place to work, failing to inform the employee of the dangerous conditions, and failing to provide safety and protective devices, and that such negligence caused plaintiff to suffer from silicosis.
It is plain that these allegations are sufficient to constitute a right of action at common law; nevertheless reliance is also placed upon Sections 871-15, 871-16, 6330-1 and 1027, General Code, and rules of the Industrial Commission, all of which were then in force.
Section 871-15, General Code, provides: "Every employer shall furnish employment which shall be safe for the employees therein, and shall furnish a place of employment which shall be safe for the employees therein, and for frequenters thereof, and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes, follow and obey orders * * *, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees and frequenters."
Section 871-16, General Code, also requires the employer to furnish and use safety devices and safeguards to make the place of employment safe.
Section 1027, General Code, provides among other things for the use of safety appliances to protect employees from dust arising from grinding by emery wheels and like devices under circumstances therein specified.
Section 6330-1, General Code, requires the employer to provide reasonably effective devices, means and methods as shall be prescribed by the Industrial Commission of Ohio to prevent the contraction by employees *Page 199 
illness or disease incident to the employment.
Many rules have been adopted by the commission, among which are those for the prevention of silicosis or pneumoconiosis; they are not, however, set out specifically but only generally. It is thus evident that these safety statutes and rules of the Industrial Commission impose duties which would, on violation thereof by the employer proximately resulting in an occupational disease to the employee, enable the latter to maintain an action against the former, if rights have not been affected by other legislation or by amendment to the Constitution.
It thus appears that both at common law and under the statutes the first amended petition was sufficient in law unless the provisions relating to workmen's compensation alter the legal status of the parties.
The next question for consideration then is whether the right of action of the employee has been taken away by the organic and statutory law of Ohio.
Section 35, Article II of the Constitution of Ohio, as amended in 1923 and still in force, contains this provision: "For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * *"
This section of the Ohio Constitution, in our judgment, *Page 200 
does not deprive the employee of the right of action growing out of occupational disease in cases in which the disease was not made compensable. The words "for such death, injuries or occupational disease," clearly refer back to the prior language of the provision, and mean death, injury or occupational disease for which compensation has been provided by statute. If the word "any" had been used for the word "such" in the phrase quoted, the meaning would have been much broadened. An intent to narrow the meaning is therefore necessarily implied by the reference to preceding phraseology.
In most states there is no constitutional provision regulating workmen's compensation but in those jurisdictions there are statutory provisions which deal with the employee's right to sue for damages. As will be shown later some of these provisions are broad and yet almost invariably have been construed as not taking away a right of action for tort in which damages are sought for a non-compensable occupational disease.
In Ohio there is in addition to the constitutional provision a statute, Section 1465-70, General Code, which reads as follows: "Employers who comply with the provisions of the last preceding section [Section 1465-69, General Code] shall not be liable to respond in damages at common law or by statute, save as hereinafter provided, for injury or death of any employee, wherever occurring, during the period covered by such premium so paid into the State Insurance Fund, or during the interval of time in which such employer is permitted to pay such compensation direct to his injured or the dependents of his killed employees as herein provided."
This statute was originally enacted in substantially the same form (102 Ohio Laws, 528) before there was any provision in the state Constitution on workmen's compensation and as part of an act which did not refer *Page 201 
to occupational diseases but only to injury and death. It could hardly be said that the statute then took away the right of action since occupational diseases were omitted entirely from the original act and the term "injury" has been construed by this court as not including them. Industrial Commission v.Cross, 104 Ohio St. 561, 136 N.E. 283; Industrial Commission
v. Roth, 98 Ohio St. 34, 120 N.E. 172, 6 A. L. R., 1463;Industrial Commission v. Brown, 92 Ohio St. 309,110 N.E. 744, L.R.A. 1916B, 1277. There would seem to be no valid reason why Section 1465-70 should be given a wider scope than it had when originally enacted.
Similar statutes in other states have been held not to destroy the right of action so as to leave the employee without either compensation or damages.
In Jones, Admx., v. Rinehart Dennis Co., supra, the statutory provision was: "Any employer * * * shall not be liable to respond in damages at common law or by statute for the injury or death of any employee however occurring * * *."
The court in the opinion say, at page 424: "* * * At common law the employer is liable in damages for the employee's traumatic injury and for disease contracted by the employee, where the injury or disease is caused by negligence of the employer, there being no such liability for occupational disease not produced by negligence. By the compensation statute compensation is provided for an employee who suffers a traumatic injury and where he suffers disease attributable to a specific and definite mishap. This burden is borne by industry as a whole and is met by the premiums paid by the employers. (Occupational diseases not being compensable under the statute, no cost of underwriting the same is reflected in the premiums of employers.) In return, the employers are relieved from the burden of common-law actions in such matters. The only element of common-law liability which remains *Page 202 
is predicated on disease occasioned to employees by the negligence of employers. Constrained construction of the statutory exemption of liability would result not only in precluding employees from maintaining damage actions for disease suffered on account of negligence of employers, but immunity of employers from such liability would tend to foster negligence of a kind likely to produce disease. It must not be deemed that such right of action is taken from employees unless the statutory language is clear and concise and not subject to any other reasonable construction. It is difficult to perceive a satisfactory and reasonable basis for exemption of employers from liability for disease caused by their negligence, such disease being non-compensable under the compensation statute.
"* * * Therefore, we are of opinion that it was the legislative intent, as expressed in our compensation law (Code 1931, 23-2-6; Code 1932, Sec. 2516) to exempt employers from liability for damages at common law or by statute for compensable injury or death of employees, however occurring, but not to exempt from liability for non-compensable disease (caused by negligence of the employer) or death resulting from such disease."
The court held that the petition stated a cause of action for negligence of the employer directly resulting in silicosis which was not compensable under the Workmen's Compensation Act.
In Berkeley Granite Corporation v. Covington, supra, the statutory provision was: "That the rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act, respectively to pay and to accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise *Page 203 
on account of such injury, loss of service, or death." It was held that the demurrer to the amended petition, which set forth a cause of action for damage for negligence causing silicosis, was improperly sustained in the trial court.
In Barrencotto v. Cocker Saw Co., supra, the provision of the compensation law was: "Every employer subject to this chapter shall in accordance with this chapter secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment, without regard to fault as a cause of the injury * * *," and it is further provided in the next section: "The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or any one otherwise entitled to recover damages, at common law or otherwise on account of such injury or death * * *." It was held that the employee could maintain an action for damages for silicosis.
In Downing v. Oxweld Acetylene Co., supra, the statutes (which are not quoted in the opinion) contained provisions to the effect that the employer and employee, by acceptance of the provisions of the act, surrendered their rights to any method, form or amount of compensation or determination thereof, other than that provided by statute. Chapter 95, Laws Session of New Jersey, 1911, Sections 2, 7 and 8. These sections, though amended, have not been substantially changed.
In the opinion the court say, at page 30: "* * * The argument here is that because the Legislature has undertaken to enumerate the occupational diseases that are compensable under the act, and declared noncompensable those not specified, 'it excluded all nonscheduled occupational diseases from the realm of employer's *Page 204 
liability, either for periodic payments or damages.'
"* * * Under the Workmen's Compensation Act, as so amended, compensation in the case of an enumerated compensable occupational disease is made without regard to the negligence of the employer. It is not to be presumed that the Legislature intended to deprive the injured workman of his common-law remedy, in the event that he suffered, as a result of the negligence of his employer, an occupational disease not specified in the compensation act. Such an intention must be expressed in clear and unequivocal language. The term 'compensation' should not be construed to embrace damages recoverable for breach of a common-law duty, unless that legislative purpose is indubitably expressed."
Recovery of damages by employee for carbon bisulphide and carbon monoxide poisoning was sustained.
Like statutory provisions were under consideration inDixon v. Gaso Pump Burner Mfg. Co., supra, and Billo v.Allegheny Steel Co., supra, and similar conclusions reached. See also the case of Victor Rubber Co. v. Robbins, Admx.,101 Ohio St. 536, 130 N.E. 942. Attention is also called to the able opinion by Judge Warrington in Zajkowski v. American Steel Wire Co., 258 F., 9, 6 A. L. R., 348.
In Zajachuck v. Willard Storage Battery Co., 106 Ohio St. 538, 140 N.E. 405, this court reached a conclusion that the right to recover damages for occupational disease was taken away by Section 1465-70, General Code. At the time the alleged cause of action arose occupational diseases were not compensable in Ohio. After the amendment of the Constitution of 1923 was adopted this court had the question before it again and held that the constitutional provision (Section 35, Article II) as amended took away the right of action. Mabley CarewCo. v. Lee, 129 Ohio St. 69, *Page 205 193 N.E. 745, 100 A. L. R., 511. A majority of this court are in accord with the dissent of Judge Zimmerman in the latter case and are constrained to hold that those two cases should be overruled.
The first amended petition concludes with a prayer for a money judgment, for relief in equity and for a declaratory judgment. The prayer, however, is not controlling (Schaefer v. First National Bank of Findlay, 134 Ohio St. 511) and the court must look to the pleading itself to determine its sufficiency. Plainly the action is one for damages for negligence of the defendant and all language with reference to equitable relief and a declaratory judgment may be disregarded as redundant and immaterial. The pleading states facts sufficient to constitute a cause of action.
In the other instant case [Triff case] the action is for wrongful death. Such an action did not exist at common law but has been maintainable in Ohio since 1851 (49 Ohio Laws, 117). The petition sets forth facts which show a violation of the common-law duty of the employer in failing to warn plaintiff's decedent and failing to provide a safe place to work, and also a violation of safety statutes referred to and many specific rules of the Industrial Commission. It is alleged therein that the decedent came to his death by silicosis contracted in the course of his employment by reason of the negligence of the defendant. The nature and extent of his loss by the impairment of his health are not set out in the pleading and it is not clear whether plaintiff seeks to recover also for damages to the decedent while living. Such an action now survives although not at common law.
The action brought by the administratrix, Suzie Triff, has for its basis the same principles of law as if brought by the employee while still living and can be maintained if the right to do so has not been eliminated by the provisions relating to compensation; therefore what is said heretofore regarding the right *Page 206 
being taken away in discussing the Smith case is applicable here. Jones, Admx., v. Rinheart Dennis Co., supra. The petition in the Triff case states facts sufficient to constitute a cause of action.
The controlling principles of construction may be summarized thus: At the time workmen's compensation was first adopted in Ohio an action for occupational disease or for wrongful death therefrom could be maintained against the employer guilty of actionable negligence. There has never been a statutory or constitutional provision expressly denying the right to maintain an action growing out of a non-compensable occupational disease. The language to be construed is general in character; and the letter should not prevail over the spirit for the polestar of interpretation is the intent of the provisions.
Since the underlying purpose of compensation is to make industry bear the burden of human wreckage by paying stated awards for injury and loss of life in the course of employment, the court should avoid a strained construction which would leave many employees, who are blameless victims of their employer's torts, without either damages or compensation and absolutely remediless. It is an obvious injustice to allow some employees who contract occupational disease compensation and others nothing — not even damages tortiously inflicted. The true objective of compensation could hardly be attained by giving the language a meaning that would work injustice when another course lies open consistent with the spirit manifested in all the constitutional and statutory provisions when considered together. By giving the words of the organic and statutory law their ordinary meaning and keeping in mind the purpose sought, the conclusion is inevitable that the right of action growing out of a non-compensable occupational disease still subsists.
Since the first amended petition in the Smith case *Page 207 
and the petition in the Triff case each state a cause of action, the judgments of the courts below will be reversed and the causes remanded for further proceedings.
Judgments reversed and causes remanded.
DAY, ZIMMERMAN and HART, JJ., concur.
WEYGANDT, C.J., MYERS and MATTHIAS, JJ., dissent.