## VANDENBARK v. OWENS–ILLINOIS GLASS CO.
### No. 8151.

Circuit Court of Appeals, Sixth Circuit.
March 13, 1940.

Paul D. Smith and Thomas H. Sutherland, both of Marion, Ohio, for appellant.

Lawrence E. Broh-Kahn, of Toledo, Ohio (Williams, Eversman & Morgan, H. A. Middleton, and L. T. Williams, all of Toledo, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and ARANT, Circuit Judges.

SIMONS, Circuit Judge.

The judgment assailed by the appeal is one dismissing a suit to recover for occupational diseases allegedly contracted by the appellant while employed in the glass factory of the appellee. The motion to dismiss was sustained on the ground that the petition failed to state a cause of action cognizable under Ohio law against an employer complying with the provisions of the Workmen's Compensation Act, Ohio General Code, Section 1465-70.

It was conceded at the outset that when the judgment was rendered, decisions of the courts of Ohio were contrary to the contentions of the plaintiff, but the appeal should be given consideration, it is urged, because of two changes in Ohio law since the entry of the challenged judgment, one a shift of judicial interpretation of the Workmen's Compensation Act by the Ohio Supreme Court, expressly overruling previous decisions as to compensability for occupational diseases, and the other an amendment to the Act to include a disease charged in the petition to have been contracted by the plaintiff while in the employ of the defendant. The problem being thus stated, the court, of its own motion, called attention to the then recently decided case of Peter J. Carpenter v. Wabash Ry. Co. et al., 60 S.Ct. 416, 84 L.Ed. —, announced January 29, 1940, and requested the views of counsel as to whether it bore upon the present controversy, and if so, whether the cause should be remanded to the District Court for consideration of the changes in Ohio law in the light of the holding and reasoning of

the Carpenter case. Counsel requested opportunity to file supplemental briefs dealing with questions suggested by the court. They have now been received and given consideration.

Article 2, Section 35 of the Constitution of Ohio, authorizes the passing of laws establishing a state fund out of which to pay compensation for death, injuries or occupational diseases, payment to be in lieu of all other rights to compensation or damages from any employer who pays the premium or compensation provided by law, the employer not to be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. The original Workmen's Compensation Act, enacted in 1913 by virtue of this authority, included no provision for compensation due to occupational disease. By amendment, however, effective August 5, 1921, 109 Ohio Laws, p. 183, specific provision was made for compensation for 15 enumerated occupational diseases. By amendment effective July 21, 1929, 113 Ohio Laws, p. 257, the number of such occupational diseases was increased to 18, and by still another amendment effective July 18, 1931, 114 Ohio Laws, p. 28, the number was increased to 21. Up to the time of the judgment below, however, the schedule of compensable occupational diseases failed to include those complained of in the appellant's petition, or her amended petition. In the pleadings it was conceded that the defendant had complied with the Workmen's Compensation Act, both with respect to industrial accidents and occupational diseases.

For almost 25 years it had been the law of Ohio that the common law right to recover for occupational disease contracted in the employ of those complying with the terms of the Workmen's Compensation Act had been taken away by Section 1465-70 of the General Code, the leading cases announcing the rule being Zajachuck v. Willard Storage Battery Co., 106 Ohio St. 538, 140 N.E. 405; Mabley & Carew Co. v. Lee, 129 Ohio St. 69, 73, 193 N.E. 745, 747, 100 A.L.R. 511. It was said in the latter case, "It is readily apparent that the present amendment provides a new and comprehensive definition of the rights and liabilities of employers and employees. Under it certain new rights were created and some former ones were abolished. * * *"

Some months after the judgment below, and while appeal therefrom was pending, a divided Ohio Supreme Court in the consolidated case of Triff, Adm'x v. National Bronze & Aluminum Foundry Co. and Smith v. Lau, 135 Ohio St. 191, 20 N.E.2d 232, 121 A.L.R. 1131, abandoned its earlier view of the effect of the Ohio statute and expressly reversed the Zajachuck and Mabley & Carew Company cases. Likewise, after judgment below and effective July 31, 1937, Gen.Code Ohio, § 1465-68a, as amended 117 Ohio Laws, p. 268, the Ohio legislature again amended the Workmen's Compensation Act by adding silicosis to the schedule of occupational diseases therein made compensable, this disease being one charged in the plaintiff's petition to have been contracted by her while in the defendant's employ.

Save for alleged constitutional infirmity not vigorously pressed, it is conceded that when the court below dismissed the plaintiff's petition it correctly applied the state law under the mandate of Section 34 of the Judiciary Act, 28 U.S.C.A. § 725, as its rule of decision. This brings us to the question whether a judgment of a Federal Court, in a diversity of citizenship case, right when entered, must be set aside because of a new pronouncement by the court of last resort of the state in the construction of a state statute, or by a subsequent amendment to the statute.

■■■ It has long been settled law that the Federal Courts have an independent jurisdiction in the administration of State laws coordinate with, and not subordinate to, that of the State Courts, and are bound to exercise their own judgment as to the meaning and effect of those laws when interpretation has not been settled by definitive interpretation by the State Courts, and when rights have accrued under a particular state of the decisions they may adopt their own interpretation of the law applicable to the case, although a different application may be adopted by the State Courts after such rights have accrued. Burgess v. Seligman, 107 U.S. 20, 33, 2 S. Ct. 10, 27 L.Ed. 359. A decision of the highest court of the State construing a State Statute rendered after a judgment of a Federal District Court, cannot be given a retroactive effect so as to make that erroneous which was not so when the judgment of that court was given. Concordia Insurance Company of Milwaukee v. School District No. 98, 282 U.S. 545, 51

S.Ct. 275, 75 L.Ed. 528; Board v. Deposit Bank, 6 Cir., 124 F. 18.

The precise question that meets us here is whether a Federal District Court has correctly applied state law at the time decision was made, and must not be confused with situations calling for the application of the rule governing decision of a case involving state law at the time it first reaches a Federal reviewing court, or the rule governing decision of cases involving federal law by reviewing courts thus unfettered by Section 34 of the Judiciary Act. Michalek v. United States Gypsum Co., 298 U.S. 639, 56 S.Ct. 679, 80 L.Ed. 1372, doesn't reach it. Gulf, Colorado & Sante Fe R. Co. v. Dennis, 224 U.S. 503, 32 S.Ct. 542, 56 L.Ed. 860, is an appeal from the decision of the court of last resort of the state and not from a decision of a lower Federal Court, right when made. Crozier v. Fried et al., 224 U.S. 290, 32 S.Ct. 488, 56 L.Ed. 771, and Watts, Watts & Co., Ltd., v. Unione Austriaca, etc., 248 U.S. 9, 39 S.Ct. 1, 63 L.Ed. 100, 3 A.L.R. 323, are admiralty and patent cases decided upon the original record, and in such cases the court is required to dispose of the issues as justice may require, and as law then existing compels. If the District Court had decided the present case adversely to the appellee, it would have defied the mandate of the Judiciary Act. It would be anomalous to now hold the decision right because it was then wrong, or that a state court has power to compel reversal of a federal decision correctly applying existing state law. In any event, if the principle stated in Gulf, Colorado & Sante Fe v. Dennis, supra, is to be given general application regardless of the circumstances to which it applies, we must ignore the later cases of Concordia Ins. Co. v. School District, supra, and Edward Hines, Trustee v. Martin, 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050, and consider as overruled the earlier decisions of Morgan v. Curtenius, 20 How. 1, 3, 15 L.Ed. 823; Pease v. Peck, 18 How. 595, 598, 15 L.Ed. 518; Roberts v. Bolles, 101 U.S. 119, 128, 129, 25 L.Ed. 880; Burgess v. Seligman, supra. It is not for us to hold these decisions overruled without some clear pronouncement by the Supreme Court.

In Carpenter v. Wabash Ry. Co., supra, the court considered the effect of an amendment to the Bankruptcy Act made subsequent to the entry of a judgment for personal injuries against an equity receiver, the filing of a claim based upon such judgment with an assertion of its priority, the denial to it of preferred status by the District Court, and affirmance of the judgment by the Court of Appeals. The amendment for the first time gave such claims the same priority against equity receiverships of railways as they had had previously against trustees in bankruptcy. Assuming that the determination by the Court of Appeals, as the law then stood, was correct upon the record, the court stated the controlling principle to be that announced by Chief Justice Marshall in United States v. Schooner Peggy, 1 Cranch 103, 110, 2 L.Ed. 49, as follows: "It is in the general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. * * * In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside." Lifted from its context in the original decision or in that in which it is quoted, the principle, if of universal application, would seem to indicate reversal. We may not, however, so insulate it.

In its application to the facts of the Carpenter case, the Supreme Court was not content to rest decision upon the bare statement of principle as though it would universally apply. It was careful to point out that the Federal Statute involved applied to equity receiverships of railroad corporations "now * * * pending in any court of the United States" [60 S.Ct. 418], and that it was considering such a case. This was in recognition of the fact that the statute was, by its terms, retroactive in respect to claims that were still pending, notwithstanding they had arisen and been liquidated prior to the enactment of the amendment, and is not departure from the rule so often proclaimed that a law is presumed, in the absence of clear expression to the contrary, to operate prospectively. United States v. Heth, 3 Cranch 399, 413, 2 L.Ed. 479; Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747, 26 A.L.R. 1454; United States v. Magnolia Petroleum Co., 276 U.S. 160, 172, 48 S.Ct. 236, 72 L.Ed. 509, or its necessary

converse, that for a statute to be construed as operating retrospectively, its retrospective character must be derived from "the unequivocal and inflexible import of the terms, and the manifest intention of the legislature", Union Pacific Ry. Co. v. Laramie Stockyards, 231 U.S. 190, 34 S.Ct. 101, 102, 58 L.Ed. 179; or as said in United States v. Heth, supra, the declaration of retroactivity must be "clear, strong and imperative." Neither expressly or by implication is the established law in this respect overthrown. The amendment to the Ohio Statute here involved is not retroactive either expressly or by the necessary import of its terms, and is not claimed to be so.

The amended statute was, moreover, given effect in the Carpenter case not merely because, by the unequivocal import of its terms it was retroactive, but because it applied a statutory procedural remedy to bring about an equitable distribution of property, not exclusively the property of the mortgagees, but in the possession of the court, and because a reasonable classification of claims as entitled to priority by virtue of superior equities comes within the broad bankruptcy power of the Congress to provide for distribution of assets of insolvent estates or those in liquidation. Thus the court was applying an amendment which altered no definitive private rights or liabilities matured before its effective date, but one which empowered the court in the exercise of bankruptcy powers to effectuate the Congressional concept of equitable distribution of property still in custodia legis.

An added ground of distinction urged by the appellee, may be mentioned without the need of resting decision thereon. It is pointed out that the Carpenter case deals with a controversy lying wholly within an integrated judicial system, while here we deal with an appeal from a court under compulsion of rules of comity, and the specific mandate of the Judiciary Act to apply the rule of decision presently in force in a coordinate system of courts. Having rightly applied it, later decisions of the State Court do not require reversal, and the cases so holding not being within the rule of Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, since the rule of decision involved a State Statute, are not overruled by Erie Railroad Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487.

The constitutional attack of the appellant upon the validity of the State Court decisions announcing the rule applied in the judgment below, need give us little concern. The arguments supporting it were urged, with great insistence, by present counsel in the case of Mozingo v. Marion Steam Shovel Co., 130 Ohio St. 591, 200 N.E. 756, and in the application for rehearing thereon, but were rejected by the Ohio Supreme Court. An appeal to the Supreme Court of the United States was dismissed without opinion for want of a substantial Federal question, 298 U.S. 645, 56 S.Ct. 959, 80 L.Ed. 1376.

We consider, finally, the necessity or propriety of remanding the cause to the District Court so that it may pass upon the sufficiency of the appellant's petition in view of the altered interpretation of the Ohio Court, and of the amended statute. The Carpenter case, supra, points the road to decision thereon. A similar contention was there made and rejected. If we are right in our view that Ohio decisions, extant at the time of trial, control the judgment, notwithstanding a later change of view, and that the amended Ohio Statute not being retroactive by the clear import of its terms does not require a reversal of the judgment, there is no issue to be submitted to the court below that may not here be decided upon the present record.

The judgment below is affirmed.

ALLEN, Circuit Judge, (dissenting).

I cannot agree with the conclusion of my associates. The judgment in Triff, Adm'x v. National Bronze & Aluminum Foundry Co., 135 Ohio St. 191, 20 N.E.2d 232, 121 A.L.R. 1131, which held that the employee has a right of action against his employer for silicosis directly caused by the employer's negligence, is binding upon us here. The gist of this decision, which is the latest utterance of the Supreme Court of Ohio upon this question, is that the employee has in Ohio a cause of action at common law for occupational disease arising out of neglect of the employer. While Section 1465-70, General Code of Ohio, is cited both in the syllabus and in the opinion, and other sections of the Ohio Code are also discussed for the purpose of determining whether they have taken away the common law right of the employee, since the state court held that this right had not been altered by these sections of the statute, the decision falls

squarely within the purview of Erie Rd. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 14 A.L.R. 1487. That case declared that "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern."

Nor is the doctrine declared in Carpenter v. Wabash Ry. Co., 60 S.Ct. 416, 84 L. Ed. ——, limited as appears from the majority opinion. While that case relied upon United States v. Schooner Peggy, 1 Cranch 103, 110, 2 L.Ed. 49, an extract from which appears in the majority opinion, it also relied upon other decisions cited, among which is Gulf, Colorado & Santa Fe Ry. Co. v. Dennis, 224 U.S. 503, 32 S.Ct. 542, 543, 56 L.Ed. 860. The court in that case, applying the principle of United States v. Schooner Peggy, supra, stated: "We think what was there said is, in principle, applicable here. For while, on a writ of error to a state court, our province ordinarily is only to inquire whether that court has erred in the decision of some Federal question, it does not follow that where, pending the writ, a statute of the state or a decision of its highest judicial tribunal intervenes and put an end to the right which the judgment sustains, we should ignore the changed situation, and affirm or reverse the judgment with sole regard to the Federal question. On the contrary, we are of opinion that in such a case it becomes our duty to recognize the changed situation, and either to apply the intervening law or decision, or to set aside the judgment and remand the case so that the state court may do so." Cf. Crozier v. Fried. Krupp Aktiengesellschaft, 224 U. S. 290, 32 S.Ct. 488, 56 L.Ed. 771; Watts, Watts & Co., Ltd. v. Unione Austriaca, etc., 248 U.S. 9, 21, 39 S.Ct. 1, 63 L.Ed. 100, 3 A.L.R. 323. As stated in the Watts case, 248 U.S. page 21, 39 S.Ct. 1, 63 L.Ed. 100, 3 A.L.R. 323, the court has power not only to correct error in the judgment entered below, but to make such disposition of the case as justice may require; and in determining what justice now requires, the court must consider the changes in fact and in law which have supervened since the decree below was entered.

The judgment of the District Court should be reversed.