[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 463.]

BUNGER, APPELLANT, *v.* LAWSON COMPANY ET AL., APPELLEES.

[Cite as *Bunger v. Lawson Co.*, 1998-Ohio-407.]

*Workers' compensation—R.C. 4123.01(C) and 4123.74 do not foreclose employee who has suffered purely psychological injuries from pursuing a common-law remedy against employer.*

R.C. 4123.01(C) and 4123.74 do not foreclose an employee who has suffered purely psychological injuries from pursuing a common-law remedy against his or her employer.

(No. 97-341—Submitted February 4, 1998—Decided August 5, 1998.)

APPEAL from the Court of Appeals for Butler County, No. CA96-05-107.

———————————

{¶ 1} Late one October night in 1993, appellant Rachel Bunger was working alone at a Dairy Mart owned by appellee Lawson Company when the store was robbed. Bunger claims that she suffered psychological injury as a result of that robbery, and that because of that injury she had to leave Dairy Mart and seek alternative employment. She also underwent treatment for post-traumatic stress reaction and incurred medical bills.

{¶ 2} Bunger filed a workers' compensation claim to receive compensation for the psychological injury. The Industrial Commission denied the claim based on R.C. 4123.01(C)(1), which excludes compensation for psychological injuries that are not accompanied by physical injury. Bunger appealed the May 8, 1995 commission order to the Butler County Common Pleas Court. Additionally, Bunger filed a tort claim for negligence against Lawson, alleging that the robbery and subsequent emotional and psychological injuries were due to Lawson's negligence. The trial court consolidated the two cases.

**{¶ 3}** Lawson and the Administrator of Workers' Compensation filed motions to dismiss for failure to state a claim upon which relief could be granted. The trial court granted the motions, dismissing both the workers' compensation and negligence claims. The court concluded that Bunger could not receive workers' compensation benefits because her psychological condition did not result from a physical injury. The court also concluded that Bunger could not maintain a negligence action against Lawson because her psychological condition arose during the course and scope of her employment with an employer that complied with R.C. 4123.35, *i.e.*, that Lawson was immune from civil suits because it participated in the workers' compensation system. Bunger appealed to the Court of Appeals for Butler County, which affirmed the trial court.

**{¶ 4}** The cause is before this court upon the allowance of a discretionary appeal.

_____

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*; *J.C. Shew & Associates* and *J.C. Shew*, for appellant.

*Buckingham, Doolittle & Burroughs*, *Brett L. Miller*, *Richard A. Hernandez* and *Michael L Williams*, for appellee the Lawson Company.

*Betty D. Montgomery*, Attorney General, *William D. Haders* and *Edward Roberts*, Assistant Attorneys General, for appellee Administrator of Workers' Compensation.

*Gallon & Takacs Co., L.P.A.*, and *Theodore A. Bowman; Ray, Alton & Kirstein Co., L.P.A.*, and *Frank A. Ray*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*, urging reversal for *amicus curiae*, Ohio AFL-CIO.

*Vorys, Sater, Seymour & Pease*, *Robert A. Minor* and *Robin R. Obetz*, urging affirmance for *amici curiae*, Ohio Manufacturers' Association, Ohio Chamber of Commerce, and Ohio Self-Insurers' Association.

———————————

**PFEIFER, J**.

{¶ 5} We hold that R.C. 4123.01(C) and 4123.74 do not foreclose an employee who has suffered purely psychological injuries from pursuing a common-law remedy against her employer.

{¶ 6} R.C. 4123.01(C) defines the term "injury" as it is used in R.C. Chapter 4123, which sets forth Ohio's workers' compensation system. The statute reads:

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease."

{¶ 7} Thus, for the purposes of R.C. Chapter 4123, psychiatric conditions that do not result from a physical injury do not constitute an "injury." Thus, those psychological injuries are not included in the purview of the statute.

{¶ 8} Since psychological injuries are not included within the definition of "injury" used in the statutory chapter, those injuries cannot be included in the chapter's grant of employer immunity from suit for any "injury" suffered by an employee. R.C. 4123.74 reads:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of and arising out of his employment * * * ."

{¶ 9} If a psychological injury is not an injury according to the statutory definition of "injury," then it is not among the class of injuries from which

employers are immune from suit. Any other interpretation is nonsensical, and leads to an untenable position that is unfair to employees. The lower courts' interpretation would force us to say that for compensation purposes psychological injury is not an injury, but for immunity purposes it is. It is an absurd interpretation that seems borrowed from the pages of Catch-22.

{¶ 10} Moreover, interpreting R.C. 4123.01 and 4123.74 the way the lower courts in this case did ignores the bargain between employers and employees that is the basis for the workers' compensation system. In *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 614, 23 O.O.3d 504, 508, 433 N.E.2d 572, 577, this court set forth the philosophy behind the workers' compensation system:

"The workers' compensation system is based on the premise that an employer is protected from a suit for negligence in exchange for compliance with the Workers' Compensation Act. The Act operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability."

{¶ 11} The lower court decisions remove psychological injuries from the tradeoff between employers and employees — employees relinquish their common-law remedies for psychological injuries in return for nothing. That is antithetical to the philosophical underpinnings of the system.

{¶ 12} This court has previously held that nonphysical injuries can generate a common-law cause of action against an employer. In *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 575 N.E.2d 428, this court held that the workers' compensation system does not provide the exclusive remedy for claims based upon sexual harassment in the workplace. In *Kerans*, this court refused to find that psychological disturbances arising solely from emotional stress in the workplace fit

4

within the definition of "injury" in R.C. 4123.01, and found that victims of sexual harassment had a common-law remedy. Thus, this court held that a purely psychological injury suffered in the workplace is compensable in the common law.

{¶ 13} The workers' compensation system was not designed to resolve every dispute that arises between employers and employees. It was designed to manage the compensation of individuals who suffer physical injuries or contract occupational diseases on the job. We do not require victims of sexual harassment to proceed through the workers' compensation system. We do not require employees alleging a breach of an employment contract to use the workers' compensation system to settle the dispute. We do not require workers who have been injured as a result of intentional torts to seek redress from the workers' compensation system.

{¶ 14} R.C. 4123.74's grant of immunity to employers applies to causes of action arising from certain types of injury. The statute does not make employers immune from negligence suits, but instead makes them immune from common-law actions for any "injury" suffered on the job. Psychological injuries are not included in the definition of injury. If the statute says psychological injuries are not the type of injuries the system was designed to deal with, then they are not the type of injury the system *can* deal with. That does not mean that the problem cannot be dealt with elsewhere. That does not foreclose the common law's ability to deal with those injuries.

{¶ 15} In fact, the common law itself does not leave much room for recovery for purely psychological injuries. A claim of negligent infliction of emotional distress is limited to instances "where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril." *Heiner v. Moretuzzo* (1995), 73 Ohio St.3d 80, 86-87, 652 N.E.2d 664, 669. Bunger may be one of the few employee plaintiffs who actually could have a viable cause of action for negligent infliction of emotional distress.

{¶ 16} A majority of states allow compensation to workers for some purely psychological injuries suffered in the workplace. 3 Larson, Workers' Compensation Law (1997), Section 42.23. Ohio's General Assembly has yet to make such injuries compensable under workers' compensation statutes. Since psychological injuries are removed from the coverage of the Act and the concomitant statutory immunity the Act imparts, the common law may allow relief for certain workers. Therefore, workers who suffer purely psychological injuries may seek redress through common-law causes of action that allow recovery for those injuries.

{¶ 17} Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

DOUGLAS, J., dissents.

MOYER, C.J., and COOK, J., dissent.

———————————

**LUNDBERG STRATTON, J., concurring**.

{¶ 18} An employee who sought compensation for a psychological injury under the system advocated by the appellees would be in a Catch-22 situation. A psychological injury is as real and may be as devastating as a physical injury. Mental trauma that results from a robbery where one believes that one may be injured or killed can be serious and genuinely debilitating. Yet psychological injuries without accompanying physical injury are specifically excluded from compensable injuries under the workers' compensation statutes.

{¶ 19} When an employee sustains a physical injury within the course and scope of employment, the employer is immune from civil suit, and the employee is compensated for the injury without fault being at issue. The employer receives immunity in exchange for the payment of premiums to the State Fund, which

compensates the injured employee. However, when the employee sustains a psychological injury in the workplace without a physical injury, the employee is prevented from seeking recovery for the injury because it is not covered under the workers' compensation system. Under the appellees' interpretation, the employee would also be precluded from pursuing a civil recovery. The employer would receive immunity, but the employee would be precluded from any recovery at all. This result was surely not intended by Section 35, Article II of the Ohio Constitution.

{¶ 20} If employers want immunity under the workers' compensation system from civil actions for an employee's psychological injuries, employers should urge the General Assembly to include psychological injuries without physical injuries in the definition of "injury" in R.C. 4123.01(C).

{¶ 21} The Administrator of Workers' Compensation suggests that the employee can pursue recovery from the primary tortfeasor, in this case, the robber. In most cases, this would be a meaningless gesture. The administrator also suggests that payment may be available from the Crime Victims' Reparations Fund. However, a psychological injury that did not result from a criminal offense, such as trauma from being accidentally locked in a freezer or vault, would not be compensated under the Crime Victims' Reparations Fund.

{¶ 22} A psychological injury may exist without a concurrent physical injury. It is time that such a psychological injury be recognized as compensable in the workers' compensation system. Until it is, if an employee's psychological injury sustained in the course and scope of employment is not covered by workers' compensation, then the employer should not be immune from civil liability for its negligence. However, the employee must still prove negligence in order to recover damages.

{¶ 23} Consequently, I concur.

---

**DOUGLAS, J., dissenting**.

{¶ 24} I dissent from the decision of the majority because, in my judgment, the provisions of R.C. Chapter 4123 that attempt to exclude purely psychological injuries from compensability under the Workers' Compensation Act violate principles of equal protection. See, *e.g., State ex rel. Doersam v. Indus. Comm.* (1989), 45 Ohio St.3d 115, 543 N.E.2d 1169. There is no rational justification for allowing workers' compensation benefits for broken bones but not for broken minds. I would hold that if appellant can show a mental injury, then appellant has protection under the Workers' Compensation Act and, thus, has entitlement to workers' compensation benefits for her purely psychological injuries. Subjecting Ohio employers to civil liability in such cases is clearly not the answer.

---

**COOK, J., dissenting.**

{¶ 25} I respectfully dissent. This court in 1939 took just the position that the majority is taking here, and two months thereafter, the General Assembly responded with an amendment to the General Code abrogating that decision. Because the Revised Code still encompasses the pertinent language of that amendment, this court errs in its statutory analysis.

{¶ 26} *Triff v. Natl. Bronze & Aluminum Foundry Co*. (1939), 135 Ohio St. 191, 14 O.O. 48, 20 N.E.2d 232, held that a complying employer who negligently causes damages to his employee which are not compensable under workers' compensation law may be liable at common law. The appellant cites the *Triff* case in support of the argument that the majority adopts, but fails to reconcile the statutory change that followed the *Triff* decision.

{¶ 27} Triff died of industrially induced silicosis, which at that time was a noncompensable occupational disease. When *Triff* was decided, G.C. 1465-70 provided that employers who comply with the workers' compensation law "shall not be liable to respond in damages at common law or by statute, * * * for *injury*

*or death* of any employe." (Emphasis added.) 103 Ohio Laws 81. "The [*Triff*] court held that it was the legislative intent to exempt employers from liability for damages at common law or by statute for compensatory injury or death of employees, but not to exempt them from liability arising out of a non-compensable occupational disease." *Maynard v. Henderson* (1982), 3 Ohio App.3d 403, 404, 3 OBR 469, 470, 445 N.E.2d 727, 728.

**{¶ 28}** The General Assembly met the *Triff* decision with an amendment to G.C. 1465-70 (now R.C. 4123.74) expanding the immunity/exclusivity provision. That amendment added the phrase "bodily condition" to obviate the *Triff* analysis, which had been pinned to the defined term "injury." The amendment read in part: "[Employers] shall not be liable * * * for *any* injury, *disease, or bodily condition, whether such injury, disease or bodily condition is compensable under this act or not * * *.*"* (Emphasis *sic*, showing new material.) 118 Ohio Laws 422, 426.

**{¶ 29}** Thereafter, in the case of *Bevis v. Armco Steel Corp.* (1951), 156 Ohio St. 295, 302, 46 O.O. 172, 175, 102 N.E.2d 444, 447, this court confirmed that amended G.C. 1465-70 abrogated the rule of law announced in *Triff*. According to *Bevis,* the amended language of G.C. 1465-70 evinced the General Assembly's intent to bar employer liability for damages derived from any injury, disease, or bodily condition of an employee arising out of his employment. *Id.* at 304, 46 O.O. at 175, 102 N.E.2d at 448.

**{¶ 30}** Like the now refuted majority in *Triff*, today's majority holds that there is a right to maintain a common-law negligence suit upon claims for any kind of disability not caused by an "injury" as defined in R.C. 4123.01. According to the majority, "[s]ince psychological injuries are not included within the definition of 'injury' used in the statutory chapter, those injuries cannot be included in the chapter's grant of employer immunity from suit for any 'injury' suffered by an employee." The language of the immunity statute and the history of the jurisprudence on the subject contradict the majority because, with the addition of

the phrase "bodily condition," the analysis hinging on the statutory definition of "injury" is unpersuasive.

{¶ 31} Here the injury is within the scope of the Workers' Compensation Act as it was suffered in the course of and arising out of the employment. Until today's decision, the only type of industrial injuries excepted from the constraint of R.C. 4123.74 have been those determined to be outside the course and scope of employment as intentional torts. "[W]here the employer's conduct falls outside the scope of the Act, the employer cannot avail himself of any of the protections afforded by the Act, such as the immunity provision in R.C. 4123.74." *Taylor v. Academy Iron & Metal Co.* (1988), 36 Ohio St.3d 149, 161, 522 N.E.2d 464, 475 (Douglas, J., dissenting).

{¶ 32} Because Bunger's psychiatric condition is a "bodily condition, received or contracted * * * in the course of and arising out of [her] employment," R.C. 4123.74 immunizes her employer from liability "at common law or by statute." Industrially caused psychiatric conditions unrelated to an injury or occupational disease do not, by definition, constitute compensable injuries, yet are "bodily conditions" arising from employment and therefore fall within the ambit of R.C. 4123.74.

{¶ 33} Accordingly, in the face of clear legislative intent (1) that the immunity provision be broader than the compensability definitions and (2) that psychiatric conditions unaccompanied by physical injury not be compensated by the workers' compensation system, we are obliged to defer to that intent unless the legislation is unconstitutional. Though the parties argue the constitutionality of the legislation at issue here, the majority relies solely on the statutory argument, and thus I respond only to that analysis.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———————————