IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION OPINION
Relator, Darrold R. Clark, Jr., a corrections officer at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio, sustained work-related injuries while being held hostage during the siege at SOCF in April 1993. Relator was taken hostage when the siege began on April 11, 1993, and was released on April 15, 1993. Relator's employer, Ohio Department of Rehabilitation and Correction ("ODRC") authorized payment of relator's full pay at the regular rate through April 17, 1993, as "administrative leave." From April 18, 1993 through July 10, 1993, ODRC authorized payment of relator's full pay at the regular rate pursuant to a provision in the collective bargaining agreement, State of Ohio/OSCEA Contract, Article 34.05. That provision provides, in relevant part, as follows:
34.05 — Hostage Leave
 In the Department of Rehabilitation and Correction, * * * any employee who has been taken hostage shall be eligible for up to sixty (60) days leave with pay at regular rate which shall not be charged to sick leave, vacation, or any other accrued leave, as determined necessary by a licensed physician or psychiatrist to recover from stress.
Relator filed a claim for workers' compensation resulting from injuries he sustained during the siege. The claim was allowed for dehydration, malnourishment, abrasions bilateral wrists, face, laceration right upper arm, atrial fibrillation and posttraumatic stress disorder. He subsequently filed a motion requesting temporary total disability ("TTD") compensation for the period April 12, 1993 through July 10, 1993.
A hearing was held before a district hearing officer ("DHO"), who awarded TTD compensation from April 11, 1993 through July 15, 1993, less wages or leave paid by the employer for that period. The DHO did not agree that relator was entitled to receive TTD compensation over and above the pay that he received as hostage leave from his employer for the same period of time. The DHO rejected the argument that the amount paid by the employer was in the nature of damages that relator could receive in addition to TTD compensation.
A staff hearing officer ("SHO") affirmed the DHO's order, specifically finding that the payment of hostage leave was equivalent to the payment of wages. The SHO ordered TTD payable from April 11, 1993 through July 15, 1993, less wages or hostage leave paid over the same period.
Upon relator's appeal, the Industrial Commission of Ohio ("commission") denied relator's request for TTD, finding that hostage leave compensation paid to relator during the period of his total disability constituted a wage replacement payable at one hundred percent of relator's wages and was paid in lieu of TTD compensation.
On September 14, 1998, relator filed an original action requesting that this court issue a writ of mandamus ordering the commission to vacate its order denying TTD compensation for the period from April 12, 1993 through July 10, 1993, and to issue an order granting TTD compensation with no offset for hostage leave compensation paid during that period.
Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court, who rendered a decision and recommendation which included comprehensive findings of fact and conclusions of law. Specifically, the magistrate reviewed the record and the briefs of the parties and concluded that the commission did not abuse its discretion in denying relator TTD compensation for the same period for which he was paid hostage leave.
Relator filed objections to the magistrate's decision. The matter is now before this court for a full, independent review. Because we find that the commission abused its discretion in denying TTD compensation for the same period for which he was paid hostage leave, we sustain relator's objections and grant the requested writ of mandamus.
Pursuant to R.C. 4123.54, any employee who is injured in the course and scope of his employment is entitled to receive, either directly from a self-insuring employer, or from the state insurance fund, compensation for loss sustained on account of the injury. R.C. 4123.01(C) provides that an "injury" includes "any injury, whether caused by external accidental means or accidental in character and result" as long as the injury is received in the course and scope of employment. "Injury" does not include "psychiatric conditions except where the conditions have arisen from an injury or occupational disease." R.C. 4123.01(C) (1). Thus, unless an employee suffers a physical injury, a psychiatric condition resulting from employment is not compensable under Ohio law. As the Supreme Court of Ohio recently held in Bunger v.Lawson Co. (1998), 82 Ohio St.3d 463:
 Thus, for the purposes of R.C. Chapter 4123, psychiatric conditions that do not result from a physical injury do not constitute an "injury." Thus, those psychological injuries are not included in the purview of the statute. [Id. at 464.]
If an employee does suffer an "injury" as defined by R.C. 4123.54 and that employee is temporarily disabled and unable to return to work as a result of the injury, the employee is entitled to TTD compensation for the period of temporary total disability. R.C. 4123.56. The purpose behind TTD compensation is to compensate an employee for a loss of earnings while recovering from the conditions allowed in the claim. State ex rel. Rubin v.Indus. Comm. (1938), 134 Ohio St. 12.
Pursuant to the terms of the collective bargaining agreement provision noted above, DORC employees who are taken hostage and survive are entitled to sixty days of paid leave to recover from stress resulting from the hostage experience. Hostage leave is not charged to an employee's sick leave, vacation or any other accrued leave. The employee is required only to demonstrate a need to recover from "stress," a psychiatric condition not necessarily arising from a physical injury or occupational disease. Hostage leave is payable whether or not there is an accompanying compensable workers' compensation injury. Thus, by the very terms of the agreement, it is clear that payment of hostage leave is a separately negotiated benefit to compensate a state employee who survives being taken hostage and who suffers psychological injury as the result of being held hostage. The commission abused its discretion in finding that hostage leave constituted wage replacement rather than a benefit paid pursuant to the union-employer contract.
As demonstrated above, TTD and hostage leave compensate a state employee who survives being taken hostage for two distinctly different types of injuries?hostage leave for psychological injury resulting from the hostage experience, and TTD for physical injuries sustained during a hostage situation. Thus, payment of hostage leave under the circumstances involved herein does not preclude there being a "loss" within the contemplation of R.C. 4123.54.
In short, we find that the commission abused its discretion in finding that the payment of hostage leave constituted a wage as opposed to a separately negotiated benefit and that he sustained no "loss" within the contemplation of R.C.4123.54. Relator sustained both physical and psychological injuries as the result of being held hostage during the siege at SOCF. He should be compensated for both.
For the foregoing reasons, we hereby adopt the findings of fact contained in the magistrate's decision, but reject the conclusions of law. Relator's objections are therefore sustained. Accordingly, this court will issue a writ of mandamus ordering the Industrial Commission of Ohio to vacate its order denying relator's application for TTD compensation for the period April 12, 1993 through July 10, 1993, and to enter an order granting such compensation, with no offset for hostage leave compensation paid during that period.
Objections sustained; writ granted.
BOWMAN and TYACK, JJ., concur.