OPINION
Casey Timmons, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court granted a motion for summary judgment in favor of Marketing Services By Vectra, Inc., defendant-appellee. We affirm.
On January 31, 1997, appellant was employed by appellee when appellant sustained an injury while operating a paper cutter. The machine was operated by sliding paper into the machine, pressing a foot pedal causing a clamp to hold the paper in place "airing out the paper," and then using both hands to activate a blade that cuts the paper. While appellant was straightening the paper in the machine with his hands below a stack of paper, he "inadvertently leaned onto the pedal" causing the clamp to come down on his hand. The force of the clamp was so great that appellant's finger tips on his right hand were crushed, resulting in the amputation of three of his finger tips. Appellant states in his brief that a claim for benefits was filed with the Ohio Bureau of Workers' Compensation, and that his claim was certified and approved for payment of all related medical benefits and lost wages.
On January 29, 1998, appellant filed a complaint against appellee. Appellant claimed in his complaint that appellee's "operation and maintenance of said machine, the training of [appellant] to operate the bonding machine, and the requirement that [appellant] operate the machine knowing that safety measures had been circumvented, constitutes conduct which was deliberate and intentional in causing injury to [appellant]."
On November 5, 1998, appellee filed a motion for summary judgment pursuant to Civ.R. 56. Appellee contended that appellant could not satisfy each of the elements for an intentional tort claim. Appellee argued that appellant could not present sufficient evidence to show that appellee: (1) had knowledge of the existence of a dangerous process, procedure, instrumentality, or condition within its business operation; (2) had knowledge that appellant's operation of the paper cutter was substantially certain to result in harm to him; and (3) required appellant to continue to perform a dangerous task that it knew was substantially certain to result in harm to him. Appellee claimed that the machine was properly maintained and was assembled according to the manufacturer's instructions.
In his response to appellee's motion for summary judgment, appellant acknowledged that the machine was assembled according to the manufacturer's instructions. However, appellant argued that the instructions allowed the machine to be assembled with the clamping mechanism being activated with hand controls requiring the use of both hands. Appellant claimed that if the machine had been assembled using this method, appellant would not have been injured since the two-handed controls were away from the clamping mechanism.
The trial court sustained appellee's motion for summary judgment on January 25, 1999. The court held that appellant:
 * * * has failed to present "some evidence" that he was "substantially certain" to be harmed, that [appellee] required [appellant] to perform a dangerous task which was "substantially certain" to harm [appellant], or that [appellee] was aware of the alleged safety-problems with the cutting-machine. * * *
Appellant appeals this decision and presents the following two assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT FOUND NO EVIDENCE OF ANY KNOWLEDGE ON THE PART OF DEFENDANT-APPELLEE AS TO THE EXISTENCE OF A DANGEROUS CONDITION.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT'S DETERMINATION THAT THE PLAINTIFF HAD FAILED TO PRESENT EVIDENCE OF AN INTENTIONAL TORT COMMITTED BY THE APPELLEE IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE AND FAILS TO CITE OR OTHERWISE CONSIDER THE INFORMATION IN THE RECORD.
Appellant argues in his first assignment of error that the trial court erred in finding that he had failed to present some evidence concerning appellee's knowledge concerning the existence of a dangerous condition. Appellant claims that he met this burden by providing evidence that appellee violated Ohio Administrative Code and Occupational Safety and Health Administration ("OSHA") provisions. Appellant also claims that appellee's failure "to install the machine the proper way is tantamount to removing the very safety guard that would have avoided this injury."
Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370; Hancock v. Longo (Oct. 14, 1999), Franklin App. No. 98AP-1518, unreported (1999 Opinions 4313, 4319).
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco Industries, Inc. v. Applied Cos.
(1993), 67 Ohio St.3d 344, 346. "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Hannah v.Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Baker v. The Buschman Co. (1998),127 Ohio App.3d 561, 566.
Ohio's workers' compensation system is based on the premise that an employer is protected from a suit for negligence in exchange for compliance with the Workers' Compensation Act which:
 * * * operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability. * * *
Blankenship v. Cincinnati Milacron Chemicals, Inc. (1982),69 Ohio St.2d 608, 614. However, an employer is not immune from civil liability for employee injuries, disease, or death caused by the employer's intentional tortious conduct in the workplace, since such conduct necessarily occurs outside the employment relationship. Conley v. Brown Corp. of Waverly, Inc. (1998),82 Ohio St.3d 470, 479. Therefore, workers who have been injured as a result of intentional torts by employers are not required to seek redress from the workers' compensation system. Bunger v.Lawson Co. (1998), 82 Ohio St.3d 463, 466.
The Ohio Supreme Court has stated:
 * * * [I]n an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee.
Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph seven of the syllabus. One of the common law elements of intentional tort is "intent," which has been defined in Fyffev. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus:
 * * * [I]n order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. * * *
"Since a plaintiff must satisfy all three prongs, a failure of proof with respect to any one prong renders immaterial any disputes of fact with respect to the other prongs." Crissinger v.Turn-All Machine Gear Co. (May 7, 1999), Clark App. No. 98-CA-108, unreported.
In the present case, appellee presented evidence in its motion for summary judgment that the machine was installed correctly and according to the instructions provided by the manufacturer. Concerning the alternate method of using the foot pedal to engage the clamp, the operating manual of the machine states: "This starting arrangement is designed to give the operator maximum safety and still allow holding small labels or card stock while it is being cut."
Appellee also presented evidence that appellant was trained on how to use the machine and that he had been observed using the machine properly. David Holcomb stated in an affidavit that he "personally trained [appellant] on the Seybold machine on the day of the accident itself. The training included safety aspects of the machine and the use of the foot pedal to operate the clamping device." Holcomb also stated that it was difficult to accidentally engage the clamping mechanism. In his deposition, Holcomb stated that the "foot pedal [was] 4 inches off the ground" and that it was inset "into a designed recessed cavity under the cutting table." He also stated that in order to operate the clamp, "the operator has to forcefully push the pedal down."
Appellee additionally presented evidence that if appellant had operated the machine as he had been trained by using wooden blocks (which were provided) in order to even the paper, his hands would not have been close to the clamping mechanism. In a hearing before the Ohio Bureau of Workers' Compensation, appellant agreed with a question posed that:
 What happened was you had a lapse in thinking, put your foot on the piece of equipment, on the pedal, while you had your hands inside the, where the machine operates, and caused the ends of your fingers to get caught under that press, correct?
Appellant also testified in his deposition that he was trained to "in general, just keep your hands away from * * * the blade or the clamp."
A review of the evidence presented by appellant shows that appellant failed to present sufficient evidence to rebut the evidence presented by appellee that it did not have knowledge that harm was a substantial certainty. For example, while appellant asserts that appellee violated Ohio Administrative Code and OSHA standards, appellant fails to disclose the nature of these violations and their causal relation to appellant's injuries. Appellant also argues that having an unprotected clamping mechanism is inherently dangerous, showing appellee had knowledge of the dangerous condition. However, the "fact that a task involves some possibility of danger does not give rise to knowledge on the part of the employer that injury will be a substantial certainty." Bea v. City of Cincinnati (Feb. 26, 1999), Hamilton App. No. C-980222, unreported, dismissed (1999),86 Ohio St.3d 1403. Additionally, simply because appellee could have assembled the machine in a manner that would have been safer, does not demonstrate that appellee had knowledge that injury was a substantial certainty, especially when the manufacturer's manual stated that such assembly was still "designed to give the operator maximum safety."
Therefore, we find that appellant failed to present sufficient evidence for a reasonable person to conclude that appellee had knowledge that appellant's injury was substantially certain to occur. The combination of: (1) appellee installing the machine according to the manufacturer's instructions; (2) the instructions stating that such an installation "is designed to give the operator maximum safety"; (3) appellant being trained on how to use the machine; and (4) appellant's failure to follow the training procedures; demonstrates that appellee did not have the requisite knowledge in order to be held liable for an intentional tort. Accordingly, appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court's decision was not supported by the manifest weight of the evidence. However, we have already found that appellant failed to present sufficient evidence to rebut evidence presented by appellee tending to show that appellee did not have knowledge that appellant's injury was substantially certain to occur. Therefore, we also find that the trial court's decision was not against the manifest weight of the evidence.
Appellant also argues in his second assignment of error that the trial court failed to consider evidence in the record. However, our review of the record is de novo and is independent of the trial court's review. Baker, at 566. Therefore, any error by the trial court in this respect is remedied by our review of the complete record. Accordingly, appellant's second assignment of error is overruled.
Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.