DECISION
Steven A. Bishop, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas granting a motion for summary judgment in favor of Waterbeds `N' Stuff, d efendant-appellee.
On September 29, 1997, appellant, an employee of appellee's at the time, was injured at appellee's warehouse. Appellant was standing on a wooden pallet along with three waterbed frame boxes ("C-Bunks") that had been raised from the ground by a forklift when a portion of the pallet broke. Appellant was injured after he fell to the warehouse's concrete floor and the three C-Bunks and pallet fell on top of him. The C-Bunks weighed 132 pounds e ach and the pallet weighed 172 pounds.
On September 28, 1998, appellant filed a complaint against appellee claiming that appellee's actions "constituted a deliberate and intentional injury" to appellant. Appellant alleged that appellee "despite its knowledge of these dangerous procedures and its knowledge that injury to an employee was substantially certain to occur, required its employees * * * to engage in these dangerous procedures and unsafe practices." On December 28, 1999, appellee filed a motion for summary judgment arguing that it was entitled to judgment as a matter of law because no genuine issues of material fact existed for trial. Appellee contended that it did not commit an intentional tort because appellant ignored safety instructions which, if followed, w ould have prevented appellant's accident.
On August 27, 2001, the trial court sustained appellee's motion for summary judgment. The trial court found the evidence did not support the conclusion that appellee knew harm to appellant was a substantial certainty because appellant acted in direct contravention to instructions. Appellant appeals this decision a nd presents the following assignment of error:
 The trial court committed reversible error by granting summary judgment in favor of Defendant-Appellee when the record reveals genuine issues of material fact on the elements of employer intentional tort.
Appellant argues in his single assignment of error that a genuine issue of material fact exists for each of the elements for employer intentional tort. The trial court found that appellant was unable to satisfy the second and third prongs of the Fyffe test in order to establish "intent" for the purpose of proving the existence of an intentional tort committed by appellee against appellant. The court found that "the evidence does not support the conclusion that [appellee] knew harm to [appellant] was a s ubstantial certainty."
Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370; Columbus Municipal Airport Auth. v. Capital Leasing of Ohio, Inc. (2002), Franklin App. No. 01AP-88.
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. Markowitz v. Ohio Dept. of Ins. (2001),144 Ohio App.3d 155, 160.
Ohio's workers' compensation system is based on the premise that an employer is protected from a suit for negligence in exchange for compliance with the Workers' Compensation Act, which:
 * * * operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability. Blankenship v. Cincinnati Milacron Chemicals (1982), 69 Ohio St.2d 608, 614.
However, an employer is not immune from civil liability for employee injuries, disease, or death caused by the employer's intentional tortious conduct in the workplace, since such conduct necessarily occurs outside the employment relationship. Conley v. Brown Corp. of Waverly, Inc. (1998), 82 Ohio St.3d 470, 479. Therefore, workers who have been injured as a result of intentional torts by employers are not required to seek redress from the workers' compensation system. Bunger v. Lawson Co. (1998), 82 Ohio St.3d 463, 466. The Ohio Supreme Court has stated:
 [I]n an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee. Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph seven of the syllabus.
One of the common law elements of intentional tort is "intent," which has been defined in Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus:
 [I]n order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
Since a plaintiff must satisfy all three prongs, a failure of proof with respect to any one prong renders immaterial any disputes of fact with respect to the other prongs. Keller v. Northwest Conduit Corp. (2000), Franklin App. No. 99AP-1403, discretionary appeal not allowed (2001),91 Ohio St.3d 1432. Mere knowledge and appreciation of a risk does not show intent on the part of the employer. Cross v. Hydracrete Pumping Co., Inc. (1999), 133 Ohio App.3d 501, 507. It is also important to note that in the arena of intentional tort, it is an "actual knowledge" standard. Keller, supra. "What a reasonable person should have known is not sufficient." Burkey v. Teledyne Farris Engineering (2000), Tuscarawas App. No. 1999AP030015, discretionary appeal not allowed, 90 Ohio St.3d 1450.
In the present case, the record shows that it was normal procedure for workers to stand on the pallets while a forklift lifted the pallet and worker with the C-Bunks to a height where the C-Bunks could be unloaded by the worker onto a warehouse shelf. The warehouse had two forklifts: the larger forklift had forks that were eight feet in length, and the smaller forklift had forks that were three and a half feet in length. The pallets used had been made by warehouse employees, were seven to eight feet in length, and were meant to be used with the larger forklift. Appellant stated that the forklift with the longer forks was used as the primary vehicle in the warehouse, and if it had been available on the day of the accident, it would have been the one used. However, since the larger forklift was being used, they used the smaller forklift with the seven to eight-foot pallet. Appellant further stated that the forks of the larger forklift would extend through approximately 85 to 90 percent of the length of the pallet while the smaller forklift's forks extended through only about 40 to 45 percent of the pallet. Appellant further stated that it was standard procedure to have a pallet loaded "chin high" with C-Bunks.
Appellant's intentional tort claim is based upon his assertion that it was inherently dangerous for a worker to stand on a seven to eight-foot pallet while it was being supported by the smaller forklift. However, a review of the record shows insufficient evidence was presented demonstrating that appellee had actual knowledge that if an employee was subjected to using the smaller forklift with the eight-foot pallets, harm to the employee was substantially certain. Appellant stated in his deposition that appellee never had a pallet fail and "that's why it was considered a safe practice." Appellant also stated that prior to the accident, he "had not seen any particular problem" with standing on the unsupported portion of the pallet. When asked whether he would have any hesitancy in telling someone that he would not do something he thought was too dangerous or unsafe, appellant replied "no."
Appellant's supervisor, Lonnie Lawless, stated in his deposition that he did not believe using the pallet with the smaller forklift created a potentially dangerous situation. Lawless stated that he was concerned about the safety of anyone who stepped onto the unsupported portion of the pallet but also stated that he "wouldn't have thought in a million years a man would walk out that far, or do what [appellant] did."
Even after construing the evidence most favorably toward appellant, the fact that before the accident appellant thought stepping on the pallet was a "safe practice," no accidents had previously occurred, and appellant's supervisor stated that he did not believe "in a million years" a person would step that far out onto the unsupported portion, demonstrates that appellee did not have actual knowledge that the accident was substantially certain to occur sufficient to create an intentional tort cause of action.
We note that appellant argues in his brief that a question of fact exists concerning whether he was warned about not stepping onto the unsupported portion of the pallet. Appellant stated that he does not have any memory of the day of his accident because of the head injury he sustained. However, when asked whether he had ever been given instructions by co-workers or by the people that ran the warehouse to not stand on the portion of the skid that was not supported by the forks, appellant replied: "No, I was not." This contradicts statements given by Lawless and Robert Horner who both stated appellant had been warned the day of the accident not to stand on the unsupported portion of the skid. However, this does not create a question of fact sufficient to defeat a motion for summary judgment because, as stated previously, the record does not support a finding that appellee had actual knowledge that appellant's accident was substantially certain to occur.
Accordingly, after reviewing the evidence submitted by both parties in a light most favorable to appellant, we find that the trial court did not err when it sustained appellee's motion for summary judgment. Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and LAZARUS, J., concur.