JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiffs-appellants Bonnie and James Smith appeal the trial court's entry of summary judgment in favor defendant-appellee Fifth Third Bank on a negligent-infliction-of-emotional-distress claim. For the following reasons, we affirm.
Bonnie sued her employer, Fifth Third Bank, for negligent infliction of emotional distress, and in a derivative claim, James sued for loss of consortium. Bonnie alleged that Fifth Third had been negligent in "failing to protect her" from a customer's practical jokes, which included pretending to rob the bank, and that this had contributed to the mental injuries that she had suffered when the banking center where she worked had been robbed at gunpoint.
Bonnie worked as a teller for Fifth Third at its Carthage banking center beginning in 1993. In 1997 and 1999, that banking location was robbed at gunpoint. Both times the robbers placed a gun to Bonnie's head. A few days after the second robbery, a customer that Bonnie was acquainted with, Bob Ray McKinney, entered the banking center, approached the teller next to Bonnie, and said, "This is a stick-up. Give me all your money." In her deposition, Bonnie testified that she and the other teller had begun to drop to the floor, but that midway down they had both realized that the robbery was not real and had chastised McKinney for his "practical joke." After McKinney left, Bonnie reported McKinney's behavior to the branch manager, Brent Kohlhepp. Kohlhepp replied that McKinney was a "jerk" and that the tellers were not "to pay attention to him."
Over the next two weeks, McKinney came into the banking center four more times, twice approaching Bonnie and repeating his practical joke. Each time it happened, Bonnie testified, that she reported the incident to Kohlhepp. Bonnie testified that Kohlhepp had told her that if she was bothered by McKinney's behavior, she should press an alarm the next time he pretended to rob the bank. Bonnie testified that she did not trigger the alarm during the following incident because she knew that McKinney was not robbing the bank and that she "did not believe [that McKinney] was going to rob [the bank]."
The record reflects that McKinney was a regular customer at the banking center. He was an older man who would ride his antique bicycle to the banking center each week to conduct his business.
The morning after McKinney's last "practical joke," Bonnie went to her primary-care physician for an influenza shot. She testified that while she was there, she had a mental breakdown after the doctor asked her about the robberies. Bonnie's psychiatrist, Dr. Jonathan Rosenthal, stated in his affidavit that Bonnie suffered from major depression, post-traumatic stress disorder, agoraphobia, and panic attacks "as a result of the `practical jokes' by McKinney following the two armed robberies at the banking center."
When Fifth-Third moved for summary judgment on the Smiths' claims, the trial court granted the motion. The court held that Ohio did not recognize a right to recover for negligent infliction of emotional distress where the distress was not caused by a fear of actual physical harm. The court noted that Bonnie did not have a fear of being harmed by McKinney because she had admitted that she did not believe McKinney would rob the banking center.
In their only assignment of error, the Smiths now argue that the trial court erred in entering summary judgment in favor of Fifth Third. Specifically, the Smiths maintain that there is no requirement in Ohio law that a plaintiff be in actual physical peril to sustain a claim of negligent infliction of emotional distress. We disagree.
In Ohio, case law limits recovery for negligent infliction of emotional distress to "one who was a bystander to an accident or is in fear of actual physical consequences to his or her own person."[1] For example, in Heiner v. Moretuzzo,[2]
the Ohio Supreme Court denied recovery for negligent infliction of emotional distress where the defendant hospital had negligently informed the plaintiff that she was HIV-positive. The court noted that while a diagnosis of HIV-positive surely caused great emotional distress, the plaintiff was never in any actual physical peril from the hospital's negligent diagnosis, because the plaintiff "was, in fact, HIV-negative."[3] The court concluded, "Ohio does not recognize a claim for negligent infliction of serious emotional distress where the distress is caused by the plaintiff's fear of a nonexistent physical peril."[4]
Here, the record reflects that Bonnie was not in any fear of actual physical peril from McKinney's practical jokes. Bonnie testified that she did not believe that McKinney was going to rob the bank because she was aware that he was joking. Under these circumstances, she was not in any actual physical peril from the practical jokes. Accordingly, viewing the evidence in a light most favorable to Bonnie, we hold that a claim for negligent infliction of emotional distress against Bonnie's employer could not stand as a matter of law.
Bonnie maintains that Fifth-Third's "acquiescence" in the practical joke was actionable, and that an employee may pursue common-law remedies for psychological injuries that occur in the workplace.[5] We agree, but we note that "the common law itself does not leave much room for recovery for purely psychological injuries. A claim for negligent infliction of emotional distress is limited to instances `where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril.'"[6]
We recognize that McKinney's "practical joke" was inappropriate, particularly in light of the fact that Bonnie had just been victimized in a robbery where she had an actual fear of physical peril. But negligent infliction of emotional distress was not the legal remedy for McKinney's behavior because Bonnie was not faced with an actual physical peril, a required element to prove a claim of negligent infliction of emotional distress.
The single assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See High v. Howard (1992), 64 Ohio St.3d 82, 85-86,592 N.E.2d 818.
[2] 73 Ohio St.3d 80, 1995-Ohio-65, 652 N.E.2d 664.
[3] Id. at 85.
[4] Id. at 87; see, also, Dobran v. Franciscan Medical Ctr.,102 Ohio St.3d 54, 2004-Ohio-1883, 806 N.E.2d 537 (reaffirming the holding in Heiner, supra, that a plaintiff must appreciate actual physical consequences to maintain a claim for negligent infliction of emotional distress).
[5] See Bunger v. Lawson, 82 Ohio St.3d 463, 1998-Ohio-407,696 N.E.2d 1029.
[6] Id. at 466, citing Heiner, supra.