Pfeifer, J.,
dissenting.
{¶ 52} This case demonstrates the failure of Bunger v. Lawson Co. (1998), 82 Ohio St.3d 463, 696 N.E.2d 1029, to allow a meaningful chance for recovery for workers psychologically harmed by violent workplace attacks. In Bunger, a case factually similar to this one, Rachel Bunger had been the victim of a holdup while working at a Dairy Mart. She sued her employer in common pleas court for negligence and also sought workers’ compensation benefits for her psychological injuries. This court held that while Ohio’s workers’ compensation statutes did not allow recovery for purely psychological injuries, Bunger could pursue a negligence claim against her employer. We found that R.C. 4123.74’s grant of immunity from civil suits could not apply to a type of workplace injury that is not included in the statutory definition of compensable injuries. Simply, an employer could not be immune from a civil suit for an injury that was not eligible for workers’ compensation benefits.
{¶ 53} Because the case was before us on a Civ.R. 12(B)(6) dismissal and the plaintiff had pleaded two different causes of action, the Bunger court was able to resolve the case without having to pass on the constitutionality of Ohio’s workers’ compensation law. Although Bunger recognized that a cause of action for negligence in such situations is available, from a practical standpoint such a cause of action is not often useful. The real-world truth is that employers can do only so much to protect their employees from the evil that men do; the fault for the *285 trauma done to an employee in a robbery case usually lies entirely with the thug committing the felonious act. Therefore, a cause of action against an employer for negligence is usually unwinnable, and accordingly, an employee is left with no compensation for her very real workplace injury.
{¶ 54} That result is all the more unacceptable because workers’ compensation benefits are in fact available for psychological injuries. Those injuries are compensable through workers’ compensation as long as they are accompanied by a physical injury. R.C. 4123.01(C)(1). The majority writes, “Although a physical injury may or may not cause a psychological or psychiatric condition, it may furnish some proof of a legitimate mental claim,” that is, a physical injury may be proof of a work-related, cognizable triggering event causing the psychological trauma. The injury tells us that something happened. A physical injury is merely evidence of the event' — -it is the triggering event that is significant. But injuries are not the only possible evidence of traumatic events.
{¶ 55} If the criminal in this case had given a paper cut to the teller when handing over his hold-up note, would that have made her claims of mental distress easier to prove? Certainly not. There is no rational basis to treat injured employees differently when both the physically injured and the nonphysically injured employees each can identify the genesis of their psychological condition. A cognizable triggering event, whether resulting in physical injury or not, is the proper determinant for proof of psychological injury. A professional can evaluate the injury and the event to determine whether compensation is appropriate.
{¶ 56} Finding the worker’s compensation statutes unconstitutional as • they relate to workers psychologically harmed by a cognizable triggering event would not open the floodgates for compensation for all forms of mental distress. The court’s analysis and holding in this case should focus on the certain type of psychological injuries alleged here, in Bunger, and in Bailey v. Republic Engineered Steels, Inc. (2001), 91 Ohio St.3d 38, 741 N.E.2d 121 (worker suffered severe depression as a result of accidentally killing coworker). We are not dealing in these cases with a person claiming depression because she is bored with her job and really wants to be an actress. This case, Bunger, and Bailey all present instances in which the psychological injuries were demonstrably tied to a specific traumatic, accidental event in the workplace. They do not present the same issues of proof as “I hate my job”-type depression masquerading as a workers’ compensation claim. Allowing benefits in this case does not mean across-the-board compensation for all claims of mental illness. Allowing benefits in this case allows for equal treatment of people with the same, equally provable injuries.
*286 Brian Law Offices, Richard F. Brian, and Steven J. Brian, for appellee.
Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, Diane Richards Brey and Franklin E. Crawford, Deputy Solicitors, and J. Quinn Dorgan, Assistant Solicitor, for appellant, Administrator, Bureau of Workers’ Compensation.
Buckingham, Doolittle & Burroughs, L.L.P., Robert C. Meyer, and Brett L. Miller, for Bank One Corporation.
Philip J. Fulton Law Office, Philip J. Fulton, and William A. Thorman III, urging affirmance for amicus curiae Ohio Academy of Trial Lawyers.
Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy, and Marc J. Jaffy, urging affirmance for amicus curiae Ohio AFL-CIO.
{¶ 57} Accordingly, I would find that R.C. 4123.01(C)(1) violates the Equal Protection Clauses of the United States and Ohio Constitutions in this case.